IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUISE ALI ROBBINS,

 Plaintiff,

v.

ROBERT TOOLE and GEORGIA
STATE PRISON FOOD SERVICE
SUPERVISOR,

 Defendants.

CIVIL ACTION NO.: CV614-093

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections. In his Objections, Plaintiff contends that he did not request or state any First Amendment claims and only wishes to litigate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Eighth Amendment, and state law claims. Upon Plaintiff's request, any potential First Amendment claim Plaintiff set forth in his Complaint is **DISMISSED**. The portion of the Magistrate Judge's Order directing service of Plaintiff's Complaint on the basis of an alleged First Amendment violation is **vacated**.

Plaintiff also states that he would like to pursue his state law claims and requests that this Court invoke supplemental jurisdiction over those claims. To the extent Plaintiff wishes to pursue a negligence claim (i.e., that Defendants breached their duty under Georgia law), he ordinarily could not do so in this cause of action. An allegation that a

AO 72A
(Rev. 8/82)

defendant acted with negligence in causing a plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). However, the Court exercises its supplemental (or pendent) jurisdiction and permits Plaintiff to proceed with his state law claims. 28 U.S.C. § 1367(c); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984) (a court can exercise pendent jurisdiction over state law claims not otherwise cognizable in federal court where the court has jurisdiction over a substantial federal claim and the federal and state claims derive from a common nucleus of operative fact) (internal punctuation and citation omitted).

Finally, Plaintiff asserts that he cannot obtain the full name of the Food Service Supervisor until he can begin conducting discovery in this case. Plaintiff contends that he was able to obtain the Food Service Supervisor's last name, which is Anderson. The Clerk of Court is directed to change "Georgia State Prison Food Service Supervisor" to "Georgia State Prison Food Service Supervisor FNU Anderson" upon the docket of this case. Plaintiff shall notify the Court of Defendant Anderson's first name within thirty (30) days of service of Plaintiff's Complaint.

Plaintiff has also filed a Motion for Temporary Restraining Order and a Preliminary Injunction. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the

AO 72A
(Rev. 8/82)

injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied all four (4) of the prerequisites in order to be entitled to an injunction. Plaintiff's Motion is **DENIED**. However, this is not to say that any request for injunctive relief is denied, only that Plaintiff's request for the issuance of an injunction is not appropriate at this time.

Plaintiff's Objections are overruled. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's monetary damages claims brought pursuant to 42 U.S.C. § 1983 against Defendants in their official capacities and his monetary damages claims pursuant to the RLUIPA are **DISMISSED**. Plaintiff's First Amendment claims are also **DISMISSED**.

**SO ORDERED**, this 26 day of Jan, 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)